# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### AT COVINGTON

**CRIMINAL ACTION NO: 07-10-DLB-CJS**
**CIVIL ACTION NO: 17-139-DLB-CJS**

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                      <u>**REPORT AND RECOMMENDATION**</u>

**DERRICK LOVE**                                                      **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

Defendant Derrick Love, *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] (R. 59). The United States filed its Response. (R. 68). Defendant's time to reply has expired without him having filed a reply. (*See* R. 69). Having all relevant documents before the Court, this matter has been submitted for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons given below, it will be recommended that Defendant's § 2255 Motion (R. 59) be **denied.**

**I.     BACKGROUND**

On January 12, 2007, a federal grand jury returned a 5-count indictment against Defendant, alleging 2 counts of distribution of cocaine, and 3 counts of use of a telephone in furtherance of

---

[1] The Clerk of Court received Defendant's Motion (R. 59) on August 14, 2017. After conducting a preliminary review, however, the Court determined that the Motion was deficient due to Defendant's failure to sign the Motion. (*See* R. 61). Accordingly, the Court ordered Defendant to sign, date, and return the corrected Motion to the Clerk of Court. (*Id.*). Defendant complied, dating the Motion for August 10, 2017. (*See* R. 63, at 19). The Clerk of Court received Defendant's Motion on August 25, 2017. Accordingly, the Motion is deemed filed on August 10, 2017 pursuant to Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts. *See Aldridge v. Gill*, 24 F. App'x 428 (6th Cir. 2001).

1

drug trafficking. (R. 1, at 1). On May 3, 2007, pursuant to a written plea agreement, Defendant pleaded guilty to one count of distributing 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (*See* R. 23; R. 1, at 2-3). A sentencing hearing was held on August 31, 2007 (R. 33), at which Defendant was sentenced to 60 months of imprisonment, to be followed by a 5-year term of supervised release. (R. 38, at 2, 3).

After serving his sentence, Defendant's term of supervised release commenced April 15, 2011. (R. 46, at 1). Among the conditions of supervised release, Defendant was ordered not to "commit another federal, state, or local crime." (R. 38, at 3). On June 8, 2013, while on supervised release, Defendant was charged with trafficking in heroin and trafficking in cocaine (R. 46, at 1) in Kenton Circuit Court and pleaded guilty to both charges on January 27, 2014. (R. 47, at 1). The United States Probation Officer recommended that the Court initiate supervised release violation proceedings based upon Defendant's state-court guilty plea. (R. 47). This Court found probable cause to believe Defendant violated the conditions of his supervised release and a warrant for his arrest was issued. (*Id.*). Defendant Love subsequently initially appeared before the Court on March 4, 2014, pursuant to a writ of habeas corpus ad prosequendum. (R. 51). The matter was scheduled for a final hearing on March 10, 2014, before Magistrate Judge J. Gregory Wehrman, at which time Defendant admitted to the violations and the matter was taken under submission by Magistrate Judge Wehrman (R. 53), who filed a Report and Recommendation on March 12, 2014 (R. 55).

Magistrate Judge Wehrman recommended Defendant's supervised release be revoked. (R. 55). Based upon Defendant's underlying conviction being a Class A felony, and with Defendant having a criminal history of Category IV when he was originally sentenced, and due to Defendant's violation being a grade A violation, the recommended term of imprisonment under the United

States Sentencing Guidelines (USSG) was 37 to 46 months. (*See id*.). Citing Defendant's ability to procure employment, pay his financial obligations, pass his drug tests, and otherwise comply with the terms of his supervised release, the Magistrate Judge recommended Defendant be sentenced to a 37-month term of incarceration, to be followed by 5 years of supervised release. (*Id*. at 3). Defendant did not object to the Report and Recommendation; nor did he exercise his right to address the District Court prior to final sentencing. (*See* R. 55, at 3; R. 56). The Report and Recommendation was adopted on April 8, 2014, (R. 56) and on April 10, 2014, Judgment was entered revoking Defendant's supervised release and sentencing him to 37 months of imprisonment, to be followed by 5 years of supervised release. (R. 58). No other filing was submitted in Defendant's case until Defendant filed the present Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (R. 59).

## II.   DISCUSSION

In his current § 2255 Motion (R. 59), Defendant challenges the sentence imposed upon revocation of his supervised release. (R. 58). Defendant asserts 3 grounds for relief. (R. 59-1). The first ground merely asserts Defendant's § 2255 Motion is timely due to equitable tolling. (*Id*. at 4). Ground two asserts Defendant's sentence upon revocation of his supervised release "is illegal as it exceeds the statutory maximum." (*Id*. at 6). In Defendant's third and final ground, he argues his counsel was ineffective for failing to appeal his sentence, as it allegedly exceeded the statutory maximum. (*Id*. at 7). The Court will address each of Defendant's grounds below.

### A.   Defendant's § 2255 Motion was not timely filed

Despite Defendant's assertion in ground one that equitable tolling should apply, his § 2255 Motion is untimely under 18 U.S.C. § 2255(f). Defendant argues that the one-year limitations period began to run on the day he received notice of his sentence. (R. 59-1, at 5). Defendant

3

further alleges the Court erred in not allowing him to be present during his sentencing, which contributed to his lack of notice of his sentence. (*Id*. at 4-5). He claims he did not receive notice of his sentence until August 11, 2016, four days after he arrived at the Beckley Federal Correctional Institution to serve his federal sentence. (*Id*.). Therefore, as his Motion was dated August 10, 2017, Defendant argues that his Motion was filed within the applicable one-year limitations period as provided in 18 U.S.C. § 2255(f)(2). (*Id*.).

In its Response, the Government argues that Defendant's time to file his Motion began to run on April 24, 2014, which it contends is the day Defendant's conviction became final. (R. 68, at 3). The Government further argues that Defendant is not entitled to equitable tolling of his time to file his § 2255 Motion because Defendant cannot show he pursued his rights diligently, as he offered no explanation as to why he did not request a copy of his Judgment or otherwise inquire as to the status of his case. (*Id*. at 3-4).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that federal prisoners have a one-year limitations period in which to file a § 2255 motion. *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012). The one-year period begins to run on the latest of four specified dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final "at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). When a § 2255 movant does not file a direct appeal, the judgment becomes final "upon the expiration of the period in which the defendant could have appealed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).

However, this one-year limitations period is subject to equitable tolling in appropriate circumstances. *See, e.g.*, *United States v. Sferrazza*, 645 F. App'x 399, 408 (6th Cir. 2016); *Johnson*, 457 F. App'x at 469; *Souter v. Jones*, 395 F.3d 577, 597 n.12 (6th Cir. 2005). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The burden is on the petitioner to persuade the court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Prior to the Supreme Court's *Holland* decision in 2010, the Sixth Circuit utilized a 5-factor approach in determining whether tolling of the one-year limitations period was warranted.[2] *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). Since the *Holland* decision, courts within this circuit continue to analyze pre-*Holland* cases in determining whether to toll a petitioner's limitations period. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011); *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011); *United States v.*

---

[2] Prior to *Holland*, courts within the Sixth Circuit utilized the following factors:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

*Ross*, No. CR 2: 11-01-DCR, 2015 WL 6871477, at *4 (E.D. Ky. Nov. 6, 2015); *Sadler v. State of Michigan*, No. 15-12437, 2016 WL 4437669, at *4 (E.D. Mich. Aug. 23, 2016). Although cases decided before *Holland* were analyzed using different factors, a review of such cases, particularly those in which the limitations period was tolled due in part to a petitioner's diligence, is especially helpful. *See, e.g., Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006); *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002).

In *Solomon v. United States*, the Sixth Circuit ruled that equitable tolling applied to a defendant's case, holding defendant's § 2255 motion was therefore timely submitted, and remanded the defendant's case to the district court. 467 F.3d at 935. The delay in the *Solomon* defendant's filing was due to a transfer from a facility in Oklahoma to Tennessee, in which the defendant was unable to bring along any of his legal materials gathered for the sake of preparing his motion. *Id.* at 933-34. Upon learning of the planned transfer, the defendant called the court and explained his situation. *Id*. at 934. This, according to the Sixth Circuit, was a diligent effort by the defendant to pursue his rights. *Id*. The defendant's transfer from one facility to another within one month of his motion being due, in conjunction with his diligence in communicating his address to the court, was an appropriate circumstance to warrant equitable tolling. *Id.*

Similarly, in *Miller v. Collins*, the Sixth Circuit tolled the limitations period for a habeas corpus petition for six months due to the petitioner's displayed diligence in pursuing his claims, as well as his lack of knowledge of the state appellate court's decision and the state's failure to show it would be prejudiced by tolling. 305 F.3d at 496. The petitioner "did not passively await decision," but rather filed a motion to proceed to judgment nine months after he sought to reopen his appeal in the State of Ohio, as the motion had not yet been ruled upon. *Id*. Due to this filing, and several other subsequent filings, the Circuit Court held "it cannot be said that [petitioner] did

6

not exercise reasonable diligence in attempting to protect his rights." *Id*. The Circuit Court further held that "it was not unreasonable that [the petitioner] waited nine months before asking the court to rule on his [Rule 26(b)] application," as the state appellate court considered a prior appeal for five months. *Id*.

After the *Holland* decision, in *Jones v. United States*, the Sixth Circuit held the defendant in the case was entitled to the benefit of equitable tolling, applying the *Holland* standard. 689 F.3d 621, 627 (6th Cir. 2012). In *Jones*, the defendant, similar to the defendant in *Solomon*, was subject to a series of prison transfers that separated him from his legal materials immediately before the running of the limitations period commenced. *Id*. (citing *Solomon*, 467 F.3d at 751). The Circuit Court cited the prison transfers, defendant's partial illiteracy and medical conditions that "impeded his ability to adequately obtain legal information" as the "extraordinary circumstances" required by *Holland*. *Id*. The Circuit Court further held that the defendant in *Jones* was pursuing his rights by seeking the assistance of other inmates. *Id*. According to the Circuit Court, "the combination of all these factors justifies applying equitable tolling," as the defendant "met his burden of demonstrating he was not sleeping on his rights and was diligent in pursuing new claims," and the government's position was that the defendant should have been entitled to the requested relief. *Id*. at 627-28.

Here, Defendant Love's sentence upon revocation of his supervised release became final on April 24, 2014.[3] To be considered timely without the benefit of equitable tolling, Defendant's § 2255 Motion was due April 24, 2015. *See Johnson*, 457 F. App'x at 464. However, Defendant's

---

[3] Defendant's Judgment on his supervised release violation was entered April 10, 2014 (R. 58), and therefore the time for Defendant to file a direct appeal expired 14 days later, the same being April 24, 2014. *See* Fed. R. App. P. 4(b)(1); *Sanchez-Castellano*, 358 F.3d at 427-28.

Motion was not filed until August 10, 2017 – over two years too late. The Motion is therefore untimely, unless equitable tolling applies.

Equitable tolling does not apply here because, unlike the movants in *Solomon*, *Miller*, and *Jones*, Defendant cannot show that he pursued his rights diligently or that extraordinary circumstances prevented him from timely-filing his § 2255 Motion. *See Holland*, 560 U.S. at 639. Defendant's Motion was filed over three years after Judgment was entered revoking his supervised release and, during that time, Defendant took little to no action in seeking his Order adopting the Report and Recommendation and the Judgment, or any other documentation concerning his case. The Motion asserts he remained in contact with his attorney for over two years in regard to his sentencing documents. (R. 59-1, at 3). At the final revocation hearing, Magistrate Judge Wehrman informed Defendant that the matter was taken under submission pending the filing of a Report and Recommendation, which would be filed within the same week. (R. 53; R. 58). The Report and Recommendation was filed within a few days (R. 55), and then the District Judge's Order adopting that Report and Recommendation and Judgment sentencing Defendant to a 37-month term of imprisonment with 5 years of supervision to follow was entered one month after the final revocation hearing (R. 56; R. 58). Defendant states that his attorney "repeatedly advised him that he had not received the sentencing order" (R. 59-1, at 3), but at no time after any of these conversations did Defendant attempt to contact the Court to request his sentencing order or initiate any update regarding his case. Unlike the defendants in *Solomon* and *Miller*, Defendant Love does not assert, and the record does not reflect, any effort by Love to request his sentencing order, or any other documentation, from this Court. The Order adopting the Report and Recommendation and the Judgment were filed in the record and posted on the docket sheet, and therefore were available to Defendant upon request for over three years.

8

Unlike the movants in *Miller* and *Jones*, Defendant has shown no reason to excuse his three-year delay in filing his § 2255 Motion. Defendant offers no explanation for his failure to request his sentencing order from the Court. Defendant did not file any motion for judgment, as did the defendant in *Miller*, nor did he take any action to reflect a diligent pursuit of his rights. Therefore, Defendant's inaction fails to demonstrate that Defendant pursued his rights diligently.

Defendant Love has also failed to show that any extraordinary circumstances prevented him from timely filing his Motion. The only excuse Defendant offers for his untimely filing is his lack of notice of the sentence rendered upon the revocation of his supervised release. (R. 59-1, at 5). However, Defendant's lack of notice is due to his own lack of diligence. And, as set forth below, not only is Defendant's lack of notice argument unpersuasive given his lack of diligence, the argument is also procedurally defaulted.

### B.    Defendant's claim is procedurally defaulted

Defendant argues that his lack of notice was due to his absence during sentencing. Defendant claims he should have been present when sentenced and instead "the Court imposed the revocation sentence by written judgment rather than oral [pronouncement]." (R. 59-1, at 4-5). But to the extent Defendant claims his rights were violated upon revocation of his supervised release due to his absence and resulting lack of notice of Judgment, such claim should have been raised on direct appeal, and the Court cannot consider such a claim at this time, as it has been procedurally defaulted.[4]

It is well-established that a § 2255 motion "is not a substitute for direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Except for a claim of ineffective assistance

---

[4] Defendant does not raise the Court's alleged error in failing to notify him of his sentence as a ground for relief in his § 2255 Motion. Rather, he devotes three sentences to his contention that the Court was solely responsible for his lack of notice, all in support of his first ground claiming his § 2255 Motion was timely filed. (R. 59-1, at 5).

9

of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause and prejudice, or actual innocence. *Bousley*, 523 U.S. at 622 (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). The "hurdle" that a defendant faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Moreover, if a defendant fails to establish cause, it is unnecessary to determine if he was prejudiced by the alleged violation. *Bousley*, 523 U.S. at 623.

Here, Defendant Love falls short of his burden to demonstrate good cause to excuse the high hurdle of procedural default. Defendant does not offer any contention that cause and prejudice are present to excuse his failure to raise this argument on direct appeal. Further, Defendant makes no claim of actual innocence. For the reasons aforementioned, therefore, Defendant's claim that his rights were violated upon revocation of his supervised release is procedurally defaulted.

In sum, Defendant failed to demonstrate a diligent pursuit of his rights to justify tolling of the one-year limitations period. Further, Defendant failed to demonstrate any extraordinary circumstances prevented him from timely filing his § 2255 Motion. Therefore, Defendant has not met his burden in persuading the Court that he should be entitled to equitable tolling. As a result, Defendant's claim should be denied as untimely. Furthermore, as stated below, even if Defendant's Motion were viewed as timely filed, it should still be denied based on the merits.

### C. Defendant's sentence upon revocation of his supervised release did not exceed the statutory maximum

In his second ground, Defendant argues his sentence upon revocation of supervised release exceeds the statutory maximum sentence as set forth in 18 U.S.C. § 3583(e)(3). (R. 59-1, at 6). According to Defendant, his underlying conviction for distribution of 5 grams or more of cocaine base was a class B felony, rather than a class A felony, and therefore the maximum sentence upon revocation of supervised release was 36 months, which is less than the 37-month sentence Defendant actually received.[5] (*Id*.). The Government notes that based on Defendant's Grade A violation and his criminal history category of IV, the guidelines range upon revocation of Defendant's supervised release was 36 to 47 months, and Defendant was sentenced to the bottom of the guidelines range. (*Id.*).

Defendant did not address this ground on direct appeal, and therefore, the ground has been procedurally defaulted. (*See* Section II.B.). Here, just as in his claim that his lack of notice entitled him to tolling of the one-year limitations period, Defendant indicated that he did not raise the issue set forth in his second ground on direct appeal, and did not explain why the issue was not raised on direct appeal, despite an indication on the form to do so. (R. 59, at 4). Defendant has not made an assertion of actual innocence, nor has he set forth any attempt to show cause and prejudice to excuse his failure to raise the claim previously. Therefore, Defendant's second ground in which he argues that his sentence upon revocation of his supervised release exceeded the statutory maximum should be considered procedurally defaulted.

Even if Defendant's second ground were not procedurally defaulted, it would still fail on the merits. Defendant's underlying conviction was for distributing 5 grams or more of crack

---

[5] In its Response, it appears that the Government construes Defendant's argument as against the grade of his violation of supervised release, rather than as against the class of his underlying felony conviction. (R. 68, at 4).

11

cocaine, in violation of 21 U.S.C. § 841(a)(1). (*See* R. 23; R. 1, at 2-3). At the time of sentencing, Defendant had at least one prior conviction for a felony drug offense that had become final. (*See* R. 36, at 17). Under § 841, due to Defendant's prior drug conviction, his term of imprisonment was to be "not less than 10 years and not more than life," *see* 21 U.S.C. § 841(b)(1)(B) (2007), rather than the not less than 5 years and not more than 40 years asserted by Defendant, which assertion fails to account for his prior drug trafficking conviction. Because § 841 does not classify the offense by letter grade, 18 U.S.C. § 3559 must be utilized to determine the class of felony committed by Defendant. As the maximum term of imprisonment authorized for Defendant's underlying offense was life imprisonment, the offense is classified as a Class A felony.[6] 18 U.S.C. § 3559(a)(1) ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is . . . life imprisonment, or if the maximum penalty is death, as a Class A felony").

As Defendant's underlying offense was a Class A felony at the time of conviction, the maximum penalty upon revocation of his supervised release was 5 years. 18 U.S.C. § 3583(e)(3). Defendant's violation of his supervised release was due to his state conviction for trafficking cocaine and trafficking heroin (R. 47, at 1), which constitutes a Grade A violation. *See* USSG § 7B1.1(a)(1). Defendant's criminal history was deemed to be a category of IV. (R. 55, at 2). Due to Defendant's underlying offense being a Class A felony, and his violation being a Grade A violation, and his criminal history category of IV, the appropriate sentencing guidelines range was 37 to 46 months. USSG § 7B1.4(a)(2).

---

[6] Section 841(b)(1)(B) was amended after Defendant's conviction to raise the minimum quantity of cocaine base proscribed from 5 grams to 28 grams. But at the time of Defendant's original sentencing, his statutory sentence was at least 10 years in prison and not more than life in prison, which rendered his underlying offense of conviction to be a Class A felony. If Defendant had been charged, convicted and sentenced today for the same criminal conduct, due to subsequent amendments to 21 U.S.C. § 841, his statutory sentence would no longer be considered a Class A felony, but rather a Class B felony.

Contrary to Defendant's assertion, his sentence did not exceed the statutory maximum. In fact, the 37-month sentence was at the bottom of the guidelines range, as noted in the Report and Recommendation upon revocation of Defendant's supervised release. (R. 55, at 2). The Report and Recommendation further noted Defendant's ability to procure employment, pay his financial obligations, pass his drug tests, and otherwise comply with the terms of his supervised release. (*Id*.). To support the recommendation of a sentence at the low end of the guidelines range, Magistrate Judge Wehrman stated "[f]ew first time supervised release violators with an underlying drug conviction come before this Court with negative urine screens and full time employment." (*Id*.). Because his sentence did not exceed the statutory maximum, even if ground 2 of Defendant's § 2255 Motion were not procedurally defaulted, it would fail on the merits.

### D. Defendant's counsel was not ineffective for failing to appeal Defendant's sentence

In Defendant's third and final ground, Defendant reiterates the points asserted in ground 2 (*see* Section II.C.), and argues that his counsel was ineffective for not appealing his sentence. (R. 59-1, at 7-8). Defendant claims he was prejudiced by his counsel's failure to file an appeal because "an illegal sentence [was] left unchallenged . . . [and he] is now serving a sentence longer than authorized by the law." (*Id.* at 8). In its Response, the Government claims that Defendant did not instruct his counsel to file an appeal, and there was no reason for counsel to think that a rational defendant would wish to appeal. (R. 68, at 5). The Government further argues Defendant's counsel was not ineffective because Defendant "was sentenced to the bottom of the guidelines range in light of positive factors his former counsel pointed out to this Court." (*Id.* at 6).

A post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel. *United States v. Crowe,* 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)). The Supreme Court has held that "[t]he

13

benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To meet this standard, the Supreme Court set forth a two-part test. First, a defendant is required to show that counsel's representation fell "below an objective standard of reasonableness." *Id*. at 687-88. To demonstrate this first prong, a defendant must point to specific errors in counsel's performance, and the reviewing court must subject the allegations to rigorous scrutiny, determining "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. In reviewing this prong, the lower court is to apply a deferential standard; there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

Particularly regarding counsel's effectiveness in handling the client's desire to appeal, the United States Supreme Court has held that an attorney performs deficiently if, after consulting with his client, he "disregards specific instructions" from his client "to file a notice of appeal[.]" *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). An attorney's performance is not *per se* deficient simply because he does not consult with his client about the benefits and drawbacks of an appeal. *Id.* at 479. Rather, an attorney must consult with his client regarding an appeal when either (1) "a rational defendant would want to appeal," or (2) the defendant "reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

If a defendant satisfies the first prong, the second prong of the test requires a defendant to demonstrate that the deficient performance prejudiced his defense. *Id.* at 687. Specifically, he must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Thus, an error by counsel, even

14

if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error did not affect the judgment. *Pough*, 442 F.3d at 961. A defendant must establish both prongs by a preponderance of the evidence. *Id*. at 964. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697; *see also Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004) (stating "[w]e do not need to address the question of competence, however if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice.") (internal citations omitted).

Here, Defendant's third ground, which alleges ineffective assistance of counsel, fails to satisfy either *Strickland* prong. 466 U.S. at 690, 694. As for the first prong, Defendant failed to demonstrate that counsel's performance fell below an objective standard of reasonableness. Defendant's counsel was not ineffective for failing to appeal Defendant's allegedly illegal sentence because the sentence was not illegal. There is no viable claim for ineffective assistance of counsel for failing to raise wholly meritless claims. *United States v. Martin*, 45 F. App'x 378, 381-82 (6th Cir. 2002). As stated herein, Defendant's sentence was at the bottom of the applicable sentencing guidelines range, and any appeal against such sentence would have been meritless. (*See* Section II.C.). Defendant's counsel was under no obligation to consult with Defendant regarding an appeal of his sentence as there is nothing to indicate a rational defendant would have wanted to appeal a sentence at the bottom of the guidelines range, and Defendant has not shown that he reasonably demonstrated to his counsel that he was interested in appealing. *See Roe*, 528 U.S. at 480. Therefore, Defendant's third ground fails to satisfy the first *Strickland* prong. *Strickland,* 466 U.S. at 690.

Likewise, with respect to the second prong, Defendant cannot show that his defense was prejudiced by his counsel's allegedly deficient performance because his sentence was at the bottom

of the sentencing guidelines range. *Strickland*, 466 U.S. at 694. Magistrate Judge Wehrman explained his rationale for a less severe sentence, noting that he was giving Defendant the benefit of his behavior while on supervised release. (R. 55, at 2). Because the sentence imposed was already the least severe under the sentencing guidelines range, Defendant cannot show that there is a reasonable probability that the results of the proceeding would have been different had his counsel appealed the sentence. As Defendant has not met his burden in satisfying either *Strickland* prong, his third and final ground, which alleges ineffective assistance of counsel, fails.

### III.   CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought under § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Regarding the case at hand, reasonable jurists would not debate the denial of Defendant Love's § 2255 Motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it also will be herein recommended that a certificate of appealability be **denied** upon the Court's entry of its final order in this matter.

IV.     **CONCLUSION AND RECOMMENDATION**

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)     Defendant Love's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. 59) **be denied;**

(2)     this matter **be dismissed** and **stricken** from the active docket of this Court; and,

(3)     the issuance of a Certificate of Appealability **be denied** by the District Judge in conjunction with the Court's entry of its final order in this matter.

Because Defendant Love has been released from incarceration and is currently on supervision, the Clerk is directed to send this Report and Recommendation to Defendant Love at his current address of 762 McMakin Avenue, Cincinnati, Ohio 45232.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the

District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 28th day of August, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 R&R general\07-10-DLB Love R&R final.docx